## Haunroth v. Peters.

1. NOTICE—*Conflict of Testimony—Question for the Jury.*—Where a contract for the erection of a building made the architect the superintendent, called for payments to be made on certificates by him, as the work progressed, and provided that before the superintendent should make his final certificate, the owner must be notified by the contractor that he was ready for a final settlement so that he might file with, or make to the superintendent, any bills or statements affecting the final adjustment between the parties, upon the litigation of questions arising upon the contract, there was a conflict of testimony between the parties as to whether the notice required was given to the owner. *It was held,* that this was a question of fact which should have been submitted to the jury in connection with the effect to be given to the final certificate.

Haunroth v. Peters.

If the certificate was to be considered at all by the jury, the refusal of the court to instruct the jury in this regard was error.

2. BUILDING CONTRACTS—*Architect's Decision.*—While the law is well settled in this State, that the decision of the architect is conclusive, where the parties to a building contract make him the final arbiter between themselves as respects the character of the work done and the amount to be paid, it is equally the law that if the parties, by their contract, provide for notice, and a hearing by the superintendent, before his final decision shall be rendered, such notice must be given.

3. BUILDING CONTRACT—*Architect's Final Certificate—Waiver.*—Under a building contract which provides for the final certificate from the superintendent as a precedent to the final settlement of the matters arising under the contract, any act of the owner which prevents the contractor from obtaining such certificate relieves the contractor from the duty of procuring one.

4. BUILDING CONTRACTS—*Superintendent an Arbitrator.*—Under a contract for the erection of a building which names a superintendent, except as to arbitrate between the parties in the matter of determining the amount to be paid by the owner to the contractor and issuing of a final certificate, he has no duty to perform, and for such superintendent to accept a reward from one of the parties as a fee for issuing such final certificate is improper and is calculated to produce an improper result.

5. BUILDING CONTRACTS—*Certificate of Superintendent—Fraud.*—On the trial of an action arising upon a building contract involving the issuing of a final certificate by the superintendent on the completion of the work, the question as to whether the certificate was issued in good faith and without fraud, is a question of law for the court, and not a question of fact for the jury.

Memorandum.—Action of assumpsit in the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Declaration in assumpsit; pleas, general issue and set-off; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the March term, A. D. 1893. Reversed and remanded. Opinion filed August 4, 1893.

The opinion states the case.

### APPELLANT'S BRIEF.

Appellant contended that the undisputed evidence in the case showed that the "final certificate" of P. F. Werges, claimed by the plaintiff to have been the agreed arbitrator (as architect and superintendent), on which final certificate the plaintiff relied as foreclosing defendant's contentions, was given in consideration of a payment of money to him by the plaintiff.

And yet the court refused the defendant's instruction F, which says that if the said certificate was given by Werges in consideration of a payment to him of money by the plaintiff, it was the duty of the jury to disregard it, and gave for the plaintiff instructions which declared the certificate conclusive unless issued in fraud or mistake, which—in the light of the evidence and without the defendant's refused instructions on the subject—was equivalent to instructing the jury that the procuring of such a certificate by such a payment did not render it invalid.

This was error; citing Korf v. Lull, 70 Ill. 420, 423; Bollman v. Loomis, 41 Conn. 581; Bensley v. Moon, 7 Brad. 415–421; Moshier v. Shear, 102 Ill. 169, 173–5; Corlett v. Dougherty, 114 Ill. 568, 572–3.

The testimony of the defendant expressly denies that any notice was given to him such as the contract provides for before such final certificate should be issued, and the evidence offered to the contrary is very slight.

Yet the court, by giving the plaintiff's instructions and refusing the defendant's, in effect ruled that such notice was unnecessary, and took the matter from the consideration of the jury. Such notice is a prerequisite to any validity in the certificate. Korf v. Lull, 70 Ill. 420; Coey v. Lehman, 79 Ill. 173, 176.

There was evidence in the case that the contract, so far as it provided for certificates from Werges at all, was abrogated, the plaintiff assenting, and that Werges was not architect or superintendent when the "final certificate, etc.," was given. A written contract can be thus subsequently changed by the consent of the parties, and the change proven without written evidence. 3 Am. & Eng. Encycl. of Law (Contracts), 890; Cooke v. Murphy, 70 Ill. 96, 98; Cummings v. Arnold, 3 Met. 486, 489.

APPELLEE'S BRIEF, G. W. PLUMMER, ATTORNEY.

Where the architect is, by the contract, to pass upon the work, and certify as to payments, his decision upon the matters involved is conclusive, in the absence of fraud or

mistake. Coey v. Lehman, 79 Ill. 173; Taylor v. Renn, 79 Ill. 181; McAuley v. Carter, 22 Ill. 53; Packard v. Van Schoick, 58 Ill. 79; Korf v. Lull, 70 Ill. 420; Downey v. O'Donnell, 92 Ill. 559.

Opinion of the Court, Shepard, J.

This was a suit in assumpsit for a balance claimed to be due to appellee under a contract for the construction of certain buildings, and for extra work and materials.

The pleas were non-assumpsit, and set-off.

The contract between the parties made the architect the superintendent, and called for payments to be made on certificates by him, as the work progressed, to the extent of eighty-five per cent of its estimated value, and the remainder on completion to the satisfaction of the superintendent; and it was provided that before the superintendent should make his final certificate, the owner must be notified by the contractor that he was ready for a final settlement so that the owner might file with, or make to the superintendent, any bills or statements affecting the final adjustment between the parties.

There was a direct conflict of testimony between the plaintiff and the defendant, as to whether the notice required was given to the owner.

It was a question that should have been submitted to the jury in connection with the effect to be given to the final certificate that was issued, if that certificate was entitled to be considered at all by the jury, and the refusal of the court to instruct the jury in that regard was error. While the law is well settled in this State, that the decision of the architect is conclusive where the parties to a building contract make him the final arbiter between themselves as respects the character of the work done and the amount to be paid, it is equally the law that if the parties, by their contract, provide for notice, and a hearing by the superintendent, before his final decision shall be rendered, such notice must be given. Korf v. Lull, 70 Ill. 420.

There was also evidence in the case, tending very strongly

to show that by agreement between the owner and superintendent, known to and acquiesced in by the contractor, the superintendent had, long prior to the giving of the final certificate, been discharged from all duties in connection with the buildings and the parties to the contract.

If the evidence established that fact, it might well be held to dispense with any certificate, and the defendant was entitled to an instruction covering that phase of the controversy. Any act of the owner which prevents the contractor from obtaining a certificate, relieves the contractor from the duty of procuring one; but it would not justify the contractor in buying a certificate.

It appeared that the final certificate was given by the superintendent in consideration of the payment to him by the plaintiff of a fee, or reward, of ten dollars. The evidence of the fact of the payment of money to the superintendent as a reward for examining the building and making out the certificate, is undisputed.

Except as an arbitrator between the parties, the superintendent had no duty to perform, under the contract, in the matter of determining the amount to be paid by the owner to the contractor and the issuance of a certificate.

For an arbitrator to accept a reward from one of the parties, is highly improper, and his acceptance of it will vitiate his award.

Courts will not stop to inquire how far, if at all, the giving to and acceptance by, an arbitrator, of a reward from one of the parties, produced a prejudicial result. Nor will the party paying the reward be heard to say that no improper result was in fact produced by so doing.

It is sufficient that the payment of the reward was calculated to produce an improper result.

Neither was it a question of fact to go to the jury, as to whether the certificate was issued without fraud. It was a conclusion of law for the court. Moshier v. Shear, 102 Ill. 169; Carlett v. Dougherty, 114 Ill. 568.

The judgment of the Circuit Court will be reversed and the cause remanded.