ALEXANDER BAUER

*v.*

JOHN HINDLEY, Receiver, *et al.*

*Opinion filed June 14, 1906—Rehearing denied October 11, 1906.*

1. PLEADING—*when recovery may be had under common counts.* A recovery under the common counts may be had on a written contract, provided the agreement has been substantially performed and nothing remains to be done but to make payment thereunder.

2. CONTRACTS—*whether a contract has been substantially performed is a question of fact.* In assumpsit on a written contract the question whether the contract has been substantially performed is one of fact for the jury, upon which their verdict, approved by the trial and Appellate Courts, is conclusive, if there is any evidence tending to sustain the finding.

3. SAME—*exact compliance with contract is not essential.* In assumpsit for work performed under a written contract the plaintiff is not required to prove an exact compliance with the terms of the contract, and proof of substantial compliance is sufficient.

4. INTEREST—*when interest is allowable in assumpsit.* In assumpsit upon a written contract, where the finding of the jury is that the contract has been substantially performed and the work accepted, interest is allowable on the amount due.

5. LIMITATIONS—*when right of action is not barred by five year Statute of Limitations.* A contract consisting of certain written propositions to perform work, the terms of which are subsequently accepted, is a contract in writing, and an action based thereon is not barred by the five year Statute of Limitations.

6. INSTRUCTIONS—*when instruction as to defective condition of work is properly refused.* In assumpsit for work done under a written contract, an instruction telling the jury the plaintiff could not recover if they found the cement floor laid by him as part of the work was loose, soft and disintegrated, is properly refused as entirely ignoring the causes producing such condition, there being evidence that it was due to defendant's act in using the floor too soon.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

On September 21, 1896, H. F. Jeroloman, C. J. Corse, Charles Ratzel and C. S. Wheeler, co-partners doing business as the Granitoid Construction Company, began an action of assumpsit in the circuit court of Cook county against A. Bauer & Co., a corporation, and Alexander Bauer, the appellant here, to recover for materials furnished and labor performed in the construction of cement work at the building of defendants at the south-east corner of Franklin and Huron streets, in the city of Chicago, as provided in a contract alleged to have been entered into between the parties.

The declaration consisted of the common counts only, with a bill of particulars attached, in which it was stated that there was $2197 balance due plaintiffs. A plea of the general issue was filed, together with a plea denying joint liability, and another of recoupment and set-off for special damages. A special replication to the second plea alleged that after the work was completed, and prior to the commencement of the suit, defendants accepted the work and that an account was stated between the parties.

Five days after the commencement of the suit, upon the application of Charles Ratzel, John Hindley was appointed receiver for the co-partnership, and on December 14, 1903, this fact was suggested to the court and an attempt was made to substitute him as a party plaintiff. After this attempted substitution defendants filed a plea of the Statute of Limitations, on the ground that the cause of action had accrued to Hindley, as receiver, at the time of his appointment, which was more than five years prior to his attempted substitution. A general demurrer was overruled to this plea.

On February 16, 1904, the day before the case was called for trial, defendants asked leave to file an additional plea, to the effect that after the making of the contract, and before the work was done, plaintiffs employed E. A. Schreiber to do the iron work, and the amount of his bill was to be deducted by defendants from the amount due plaintiffs, and as this agreement had been carried out the defendant Bauer

was entitled to a recoupment against plaintiffs. Leave to file this plea was refused upon the ground that it was not presented in proper time.

At the close of plaintiffs' evidence a motion was made by defendants to direct a verdict in their favor. The court held that if the suit was not dismissed as to A. Bauer & Co., a corporation, the motion would be sustained, and thereupon the suit was thus dismissed. Defendant Bauer then asked leave to file a plea of the Statute of Limitations, on the ground that the suit, prior to the dismissal as to A. Bauer & Co., was on the ground of joint liability, and after it was dismissed it was a new cause of action as to Bauer. The motion to file this plea was denied. A verdict was returned for $1909.39, and judgment rendered accordingly. An appeal was prosecuted to the Appellate Court, where it was ordered that plaintiffs remit the sum of $500 within ten days or the judgment would be reversed. This amount was remitted and the judgment affirmed. A further appeal has been prosecuted to this court.

Alden, Latham & Young, for appellant.

Sullivan & Jarrett, (Denis E. Sullivan, of counsel,) for appellees.

Mr. Justice Wilkin delivered the opinion of the court:

It is urged as error that the verdict and judgment are contrary to the preponderance of the evidence; that plaintiffs failed to show substantial compliance with the terms of the contract; that plaintiffs cannot recover under the common counts.

As should be well understood, we have nothing to do with the weight or preponderance of the evidence. That is a question conclusively settled by the judgment of the Appellate Court.

The contract in question was entered into by means of two written letters or propositions made by plaintiffs below

222—21

to defendants, the terms of which were subsequently accepted. They therefore constituted a written contract between the parties, and we have held that where there is a written contract between the parties there may be a recovery under the common counts, provided the agreement has been wholly executed and nothing remains to be done but to pay the amount thereunder. (*Union Elevated Railroad Co.* v. *Nixon,* 199 Ill. 235, and cases cited.) In order to entitle the plaintiffs in this case to recover under the common counts it was necessary for them to bring themselves within this rule,—in other words, to prove that the contract had been substantially performed, with nothing remaining to be done but the payment of the money. The question as to the substantial compliance with the contract was one of fact for the jury, and it found in favor of plaintiffs, as did also the circuit court upon overruling a motion for a new trial and entering judgment upon the verdict. The Appellate Court has affirmed that judgment, which is a finding of every material fact in favor of plaintiffs. One of these material facts was whether the floor and sidewalk mentioned in the contract, laid by plaintiffs, had been accepted by the defendants and were in use by them when the suit was commenced. In the light of the facts so found by the trial and Appellate Courts it cannot be successfully contended that the plaintiffs below had not the right to recover under the common counts.

Complaint is next made of the instructions of the court. Five were given on behalf of plaintiffs and fourteen offered on behalf of defendant, Bauer, three of which were given after being modified and the others refused. The contention of appellant is that error was committed in the giving and refusing of each of these instructions. We cannot consider each of them separately, but will notice only those which are most important.

The first instruction given on behalf of plaintiffs was to the effect that the jury should disregard all testimony which had been introduced either for or against A. Bauer & Co.

At the close of plaintiffs' evidence that suit was dismissed as to A. Bauer & Co. The instruction was the result of such dismissal. It is insisted by appellant that the giving of the instruction was equivalent to directing the jury to disregard all proof in reference to appellant's damages. We do not think so. If the instruction was followed it could have had no effect whatever on appellant's rights. Evidence which concerned his damages under the instruction was not to be disregarded by the jury, but only such evidence as related to A. Bauer & Co.

The second instruction given on behalf of the plaintiffs related to the proper method of determining the preponderance of the evidence, and the third to the credibility of witnesses, both of which were in substantial conformity with the decisions of this court.

The fourth instruction told the jury that if the plaintiffs had performed the work described in the contract in substantially the manner as therein provided they had a right to recover. Throughout his instructions it seems to have been the contention of appellant that a substantial compliance was not sufficient, but that the work should be done exactly as specified in the contract. Such is not the rule, and the fourth instruction requiring a substantial compliance was not erroneous. *Shepard* v. *Mills,* 173 Ill. 223.

The fifth instruction told the jury that if they found for the plaintiffs, in addition to the amount due they should find interest at the rate of five per cent from the date it became due. It is insisted that the plaintiffs were not entitled to interest at all. As before said, the evidence shows the contract was in writing, and the finding is that it had been substantially performed and accepted by the appellant. The account was due and unpaid, and therefore, under the express provisions of the statute, the appellant was liable for interest.

Of the instructions asked by the appellant and refused, it is enough to say that several of them were drawn upon

the theory that it was incumbent upon plaintiffs to prove an exact compliance with the terms of the contract, and that a substantial compliance was not sufficient, and for that reason, as we have said, they were erroneous. Another told the jury that if they found the floor in question to be loose, soft and disintegrated plaintiffs could not recover. It ignored entirely the cause or causes producing such condition. There was evidence in the record tending to show that the condition of the floor was due to its having been used by appellant before it became hard, and the instruction was clearly erroneous in ignoring that question. Our conclusion is that the ruling of the trial court on instructions was substantially correct.

Many errors are assigned on the admission and exclusion of evidence, some eighteen of which are urged in the argument. While the rulings were not, perhaps, in strict conformity with the rules of evidence, we are unable to see wherein the appellant has been substantially injured thereby.

Complaint is further made of the refusal of the court, after the suit had been dismissed as to A. Bauer & Co., to permit the filing of pleas of the five year statute of limitations, both as to the plaintiffs themselves and the receiver. It does not satisfactorily appear from the record that the latter was made a party plaintiff. An offer to do so was made, but the judgment rendered indicates that it was in favor of the original plaintiffs themselves, and not in favor of the receiver. But however this may be, we have already said the contract consisted of written propositions, which were accepted by the defendants, thus constituting an agreement in writing, and therefore the right of recovery was not barred by the five year statute of limitations. It was not error to refuse the pleas to be filed.

The issues in this case are few and simple. Many of the numerous errors assigned and urged in the argument are unimportant as affecting the substantial merits of the case. We are of the opinion that there was no substantial error

committed by the trial court and that the Appellate Court did not err in affirming its judgment.

The judgment of the Appellate Court will accordingly be affirmed.　　　　　　　　　　　　　*Judgment affirmed.*