## Martin Connelly et al., Defendants in Error, v. Peter Wallin, Plaintiff in Error.

### Gen. No. 18,042.

1. CONTRACTS—*when question of waiver of condition is for the court without a jury.* In an action for a balance alleged to be due on a building contract, it is a question of fact or of mixed law and fact for the court without a jury, whether the provision of the contract requiring a certificate from certain architects as a condition precedent to obtaining final payment was waived, where defendant did not employ the architects mentioned in the contract to superintend the work and was often on the premises himself and suggested changes and made payments without requiring certificates.

2. CONTRACTS—*performance.* Held, in an action for a balance alleged to be due on a building contract, that the court without a jury was warranted in finding that plaintiff completed the work substantially in accordance with the plans.

Error to the Municipal Court of Chicago; the HON. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed May 29, 1913.

WILLIAM S. CORBIN, for plaintiff in error.

MATHER & HUTSON, for defendants in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This is a writ of error to review a judgment of the Municipal Court of Chicago, for $459.10, entered in a fourth class suit, in favor of Martin Connelly and Joseph L. Connelly, copartners, as Martin Connelly & Son, plaintiffs, against Peter Wallin, defendant. The action was to recover the balance claimed to be due plaintiffs on a building contract and the value of certain extra work. The issues were tried before the court without a jury.

On July 30, 1909, the plaintiffs, as mason contractors, entered into a written contract with the defendant,

as owner, whereby plaintiffs, in consideration of the sum of $8,175, agreed to do the mason work and cut stone work of an apartment building to be erected upon premises owned by the defendant in the city of Chicago, according to the drawings and specifications of a certain firm of architects named in the contract, and which drawings and specifications were made a part of the contract. The defendant agreed to pay the plaintiffs the said sum of $8,175 ''upon written certificates issued by the architects as the work proceeds, for a sum not to exceed eighty-five (85) per cent. of the value of the materials used and labor performed as estimated by the architects, * * * ; which said certificates shall be paid immediately upon presentation; and a final settlement as to the remainder and all extras, if any, shall be had and payment made —— days after the work shall have been completed * * *, and the architects shall have certified thereto in writing.'' The contract had many other provisions respecting the powers and duties of the architects, usually contained in building contracts.

In their amended statement of claim, plaintiffs, in addition to the balance due on the contract price, claimed the total sum of $537.80 for extra work. The trial court apparently disallowed the extras, except one item of $30, and found the balance due plaintiffs on the contract price to be $429.10, a total of $459.10, upon which finding the judgment was entered. In said statement of claim plaintiffs alleged, *inter alia,* ''that no architect superintended the construction of the said building and that all of the provisions of the said contract respecting the doing of the work to the approval of the architect were waived by the defendant by reason of his failure to employ said architect; * * * that several payments were made by the defendant to the plaintiffs direct without the intervention of an architect or architect's certificates; that the defendant, by so doing, and by his failure to employ an

architect, waived the provisions of the contract requiring the plaintiffs to procure architect's certificates."
The defendant, in his affidavit of merits, denied that he waived the provisions of the contract requiring the plaintiffs to procure architect's certificates before the *final* payment should become due, and averred that the plaintiffs failed to do the mason and cut-stone work on the building *substantially* according to the drawings and specifications.

Counsel for defendant contends that the judgment should be reversed because of the failure of plaintiffs to produce an architect's certificate as a condition precedent to their right to obtain the final payment under the contract. Under the facts as disclosed by this record, we think the contention is without merit. "Any act of the owner under such a building contract which prevents the contractor from obtaining such certificate, or any conduct of the owner showing that he had waived such a provision, will release the contractor from the duty of procuring such certificate." *Kleinschnittger v. Dorsey*, 152 Ill. App. 598, 602; *Haunroth v. Peters*, 50 Ill. App. 366; *Vermont Street M. E. Church v. Brose*, 104 Ill. 206; *Foster v. McKeown*, 192 Ill. 339; *Evans v. Howell*, 211 Ill. 85, 93. This is so where, "prior to the completion of the work, the builder discharged the architect subject to whose approval the work was to have been performed, or where the builder fails to employ an architect or engineer to supervise or approve the work." 30 Am. & Eng. Encyc. Law, p. 1245; *Federal Contracting Co. v. Coal Creek District*, 166 Ill. App. 369, 378; *Griffith v. Happersberger*, 86 Cal. 605; *Diehl v. Schmalacker*, 30 Misc. (N. Y.) 786; *Barker v. Troy & R. R. Co.*, 27 Vt. 766, 775. And where, as in this case, the defendant did not employ the architects to superintend the work and was himself frequently on the premises during the progress of the work and made suggestions as to changes, and made payments on account to plaintiffs

without requiring certificates, the question whether the provision of the contract requiring a certificate from the architects as a condition precedent to obtaining final payment had been waived, was a question of fact, or of mixed law and fact, for the court, trying the case without a jury, under all the evidence, to pass upon. *Foster v. McKeown,* 192 Ill. 339, 349; *Palmer v. Meriden Britannia Co.,* 188 Ill. 508, 520. The trial court by its finding evidently thought there had been such a waiver, and we think that the finding is amply supported by the evidence.

Counsel further contends that the judgment should be reversed because the evidence shows that plaintiffs failed to complete the work *substantially* in accordance with the plans and specifications. This was a question of fact to be determined by the court, sitting without a jury, under all the evidence. *Shepard v. Mills,* 173 Ill. 223; *Bauer v. Hindley,* 222 Ill. 319; *Peterson v. Pusey,* 237 Ill. 204. We cannot say, after a careful review of the evidence, that the court's finding is manifestly against the weight of the evidence, and we are not disposed to disturb the finding and judgment. The judgment of the Municipal court is accordingly affirmed.

*Affirmed.*