F. C. Cody, Trading as F. C. Cody Company, Appellee,
v. Adelyne Schwill et al., Appellants.

Gen. No. 40,681.

Opinion filed October 25, 1939. Rehearing denied November 9, 1939.

HUBBARD, BAKER & RICE, of Chicago, for appellants.

SAMUEL M. KANE, of Chicago, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the defendants from a judgment for $425 entered by the court for the plaintiff. The action by the plaintiff was to recover $575 alleged to be due the plaintiff for the furnishing of certain labor and material. The cause was submitted to the court, and

upon a hearing of the evidence the court allowed the defendants $150 on their counterclaim, which was filed in the action.

The defendants, Adelyne Schwill, and her now deceased husband, Julius Schwill, entered into a contract on July 19, 1937, with A. N. Rebori, an architect, for the construction of a $50,000 house at Barrington, Illinois, the architect to prepare the plans and specifications and perform all the duties of an architect as by the contract provided.

The general contractor for the construction of this home was R. E. Herlihy Construction Company, Inc., who let the contract to the plaintiff for the labor and material for sheet metal work, tile roofing, tar and gravel roofing, quarry tile, to be done according to the plans and specifications prepared by A. N. Rebori.

On August 17, 1937, the plaintiff entered into a contract with R. E. Herlihy Construction Company, Inc., the general contractor. By the terms of the contract he agreed to furnish the labor and material and other items before stated which were required to be performed by the terms of his contract according to the plans and specifications prepared by A. N. Rebori, architect, for $1,695. According to the evidence in the record he performed certain work and received on account of the contract $1,260, and on February 4, 1938, there was due him the sum of $575.

It is contended by the defendants herein that the plaintiff should have presented an architect's certificate, as provided for by the contract of R. E. Herlihy Construction Company, Inc., which was not presented to or received by the defendants as provided by the Herlihy contract.

The defendants, Adelyne Schwill, individually, and Adelyne Schwill as executrix of the estate of Julius, deceased, pursuant to rule of court, filed an amended answer and counterclaim admitting the contract and that the sum paid to the plaintiff was $1,260, and further in her answer stated: "that plaintiff's work was rejected

by the architect as well as by the defendant, of which rejection plaintiff was notified. That the contract provides that the decision of the architect in such case is final unless plaintiff within time specified demands arbitration. That arbitration or a demand therefor in such case is a condition precedent to the bringing of any action. That the time within which arbitration under the contract expired prior to the bringing of this suit. Wherefore, the decision of the architect as aforesaid is final.''

In support of the defendants' counterclaim it is alleged:

''Defendant says by way of counter-claim that the plaintiff in performing and attempting to perform the work required of him under the contract, performed the same in such an unskillful, unworkmanlike and improper manner, using improper materials and applying the same in an unskillful and unworkmanlike manner and not in accordance with the plans or specifications of the contract. That by reason thereof the defendant was required to and did remove the materials so supplied by the plaintiff and was required to and did expend in that behalf and in having the work and materials done properly and in compliance with the plans and specifications, a sum in excess of $1,000 which sum she claims as a counter-claim against plaintiff, together with a further sum of $5,000 as damages suffered by defendant by reason of work and materials furnished by plaintiff and wrought into the structure which defects cannot be remedied or repaired except at great cost and expense as aforesaid.''

It was upon the issues which were presented to the court upon the trial of the matter that the judgment appealed from was entered.

This is an action by the plaintiff against the defendants based upon a contract to perform certain work, entered into by the plaintiff with R. E. Herlihy Construction Co. the general contractor for the con-

struction of the residence at Barrington, Illinois. This contract is as follows:

"R. E. Herlihy Construction Co.
144 W. 47th Street
Chicago, Illinois
"Gentlemen:
"Re: Residence for Mrs. J. Schwill, Barrington, Illinois.

"We propose to furnish labor and material for Sheet Metal Work, Tile Roofing, Tar and Gravel Roofing and Quarry Tile, according to plans and specifications prepared by A. N. Rebori, Architect, for the sum of Sixteen Hundred Fifty and 00/100 Dollars ($1650.00).

"The above price is quoted with the understanding that we will furnish you with a Twenty year guarantee for Flat roof.

"If fire door from kitchen porch to garage is wanted add the sum of Forty Five and 00/100 dollars ($45.00)."

Subsequently, during the progress of the work on the residence of the defendants, a further agreement was entered into, which is as follows:

"Mr. A. N. Rebori
29th Floor Tribune Tower
Chicago, Illinois

"Re: Schwill Residence
Barrington, Illinois
Job # 410

"Change on rear sleeping porch tile roofing, sheet metal gutters, flashings according to details for the sum of $115.00 (One Hundred Fifteen and No/100).

"Change on Kitchen Porch Tile Roofing, sheet metal gutters, flashings, etc. similar to above—Add the sum of $25.00.

"F. C. Cody Company
F. C. Cody Co.
By Per Bertha O'Brien (Signed)

"The above extra work (in the total amount of $140.00, One Hundred Forty and no/100 Dollars) is to be paid for by the Owner and deducted from the Architect's Fee.

"Signed Andrew N. Rebori."

The defense to this action is based upon two points. First, that the plaintiff failed to produce a certificate of the architect in compliance with the contract entered into with the R. E. Herlihy Construction Co. We might note at this time that the contract of the plaintiff is not subject to the terms and conditions of a building contract such as was entered into by the R. E. Herlihy Company and the defendants. Second, the defendants' answer states that the plaintiff as a subcontractor undertook to perform the work in question for the sum of $1,835 and, as a counterclaim the defendants contend that the work and materials furnished were not in accordance with the plans and specifications; that by reason of the plaintiff's failure to perform the work in a skilful and workmanlike manner and because of the use of improper materials, the defendants were required to remove the materials so supplied by the plaintiff and to expend in having the work and materials done properly and in compliance with the plans and specifications, a sum in excess of $1,000, which sum the defendants claim as a counterclaim against the plaintiff, together with the further sum of $5,000, damage suffered by the defendants by reason of the work and materials furnished by the plaintiff in the construction, which defects cannot be remedied or repaired except at great cost and expense.

The trial was heard by the court, and after hearing the evidence in behalf of the plaintiff and the defendants, the court found:

"1. That the R. E. Herlihy Construction Co., Inc., a corporation, be and is hereby dismissed as a party defendant on motion of plaintiff.

"2. That the issues in this cause are found in favor of the plaintiff, F. C. Cody, doing business as F. C.

Cody Company, on the Complaint and Answer and Amended Answer, and against Adelyne Schwill, individually, and against Adelyne Schwill as Executrix of the Estate of Julius Schwill, deceased.

"3. That the issues are found in favor of the defendants, Adelyne Schwill, individually, and Adelyne Schwill as Executrix of the Estate of Julius Schwill, deceased, on the counter-claim of said defendants in the amount of One Hundred Fifty Dollars ($150.00), which said amount of One Hundred Fifty Dollars ($150.00) shall be in diminution of plaintiff's claim which is in the amount of Five Hundred Seventy-five Dollars ($575.00)." Accordingly the court entered judgment on said findings in favor of F. C. Cody, doing business as F. C. Cody Company, and against Adelyne Schwill individually and as executrix of the estate of Julius Schwill, deceased, in the amount of $425. It is from this judgment that the appeal is here in this court.

The plaintiff's statement of claim, January 30, 1938, made out to A. N. Rebori is as follows:

```
"Mrs. Julius Schwill Residence...........$1650.00
Contract .............................. 1650.00
Paid October, 1937.............$700.00
Paid November, 1937........... 560.00
Extra:   Charge for fireproofing
          door with steel.................  45.00
Charge for changing tile roofing
          as per orders of Mrs.
          Schwill
          Labor and Material..............  140.00
                                         ─────────
                                          $1835.00
          Paid to date....................  1260.00
                                         ─────────
          Balance ..................$ 575.00"
```

The question in this action is whether the amount allowed by the court and judgment entered for the

plaintiff was proper. As we have already stated, the defendants rely upon the Herlihy Construction Co. contract, and contend that it was necessary that an architect's certificate should be presented by this plaintiff in order that recovery might be had. It is to be noted from the statement of claim that during the progress of the work the plaintiff received the sum of $1,260 on account, and that the R. E. Herlihy Construction Co., a corporation, was released from its contract with Adelyne Schwill and Julius Schwill her husband, who undertook independent completion of the work; that from said contract the plaintiff dealt with Adelyne Schwill and Julius Schwill as the original contractor. The evidence upon this question bears out the claim of the plaintiff that the R. E. Herlihy Construction Co. was released from further compliance with the conditions and provisions of the contract between this company, as general contractor, and the defendants.

As to whether the plaintiff was required to comply with the terms and conditions of the R. E. Herlihy Construction Co. contract, from the evidence it appears that the brick work and the work required to be finished by the R. E. Herlihy Construction Co. was released and from the evidence of Andrew N. Rebori, the general contractor R. E. Herlihy Construction Co. did not finish the job. It further appears from his evidence that no other general contractor was hired and the work proceeded under the supervision of the architect until it was completed. Mr. C. W. Thomasson, the architect's representative, spent some time on the job personally under the architect's supervision, so that the question is whether, assuming it was necessary to furnish an architect's certificate, the plaintiff was prevented from furnishing this architect's certificate by the act of the defendants in releasing the general contractor from his further compliance with the contract between this general contractor and the defendants for the construction of the residence.

This question, in a measure, has been passed upon by this court in *Kleinschnittger v. Dorsey,* 152 Ill. App. 598, wherein it was held that any act of the owner under a building contract, which makes the architect's certificate a condition precedent to payment, which prevents the contractor from obtaining such a certificate, or any act of the owner showing that he has waived such a provision, will release the contractor from the duty of procuring such certificate. We said in that case:

"While the architect insists that the contract was not performed, yet we think the court was warranted in finding that this contention was only an afterthought of both the architect and the owner, and that the owner, Dorsey, by his said conduct is estopped to now insist on said provisions. After Dorsey's letter of innumerable complaints to the architect, dated September 8, 1905, more than a year after he had dealt directly with Kleinschnittger, the business of the architect was seemingly directed mainly to making complaints by almost weekly letters to the contractor, continuing for more than two months after Dorsey had taken possession of the building and was living in it. Any act of the owner under such a building contract which prevents the contractor from obtaining such certificate, or any conduct of the owner showing that he had waived such a provision, will release the contractor from the duty of procuring such certificate. *Haunroth v. Peters,* 50 Ill. App. 366; *Foster v. McKeown,* 192 Ill. 339; *Vermont Street M. E. Church v. Brose,* 104 Ill. 207; *Fowler v. Deakman,* 84 Ill. 132." The court further said:

"In regard to the provisions for arbitration it will be seen by Article XII that there is probably not a single item for which a decree is entered in this case that was required to be settled by arbitration." And in *Connelly v. Wallin,* 181 Ill. App. 212, this court held: In an action for a balance alleged to be due on a building contract, it is a question of fact or of mixed law and fact for the court without a jury whether the pro-

vision of the contract requiring a certificate from certain architects as a condition precedent to obtaining final payment was waived where defendant did not employ the architects mentioned in the contract to superintend the work and was often on the premises himself and suggested changes and made payments without requiring certificates. We said in that case:

"Counsel for defendant contends that the judgment should be reversed because of the failure of plaintiffs to produce an architect's certificate as a condition precedent to their right to obtain the final payment under the contract. Under the facts as disclosed by this record, we think the contention is without merit. 'Any act of the owner under such a building contract which prevents the contractor from obtaining such certificate, or any conduct of the owner showing that he had waived such a provision, will release the contractor from the duty of procuring such certificate.' *Kleinschmittger v. Dorsey,* 152 Ill. App. 598, 602; *Haunroth v. Peters,* 50 Ill. App. 366; *Vermont Street M. E. Church v. Brose,* 104 Ill. 206; *Foster v. McKeown,* 192 Ill. 339; *Evans v. Howell,* 211 Ill. 85, 93." And we further said:

"This is so where, 'prior to the completion of the work, the builder discharged the architect subject to whose approval the work was to have been performed, or where the builder fails to employ an architect or engineer to supervise or approve the work.' " (Citing cases.)

In this case it appears from the evidence that the general contractor of construction was released and further discharged from complying with the terms of the contract, so that the plaintiff was in no position to obtain an architect's certificate, and the plaintiff urges that the defendants, in their contention that the plaintiff should have had an architect's certificate, have misconstrued and misstated the facts. Our attention is called to the provision chiefly relied upon in defend-

ant's brief. The quotations are preceded by: "The contract in the instant case provided." Said provision was not in plaintiff's contract, but was in the contract entered into between the defendants and R. E. Herlihy Construction Company. The plaintiff was not a party to this contract and is not bound by its provisions, and furthermore, the R. E. Herlihy Construction Company was released from its contract before the plaintiff finished his work. Therefore, how could the plaintiff be held to a contract that had been abandoned?

This seems to be well stated, for the only written agreement entered into between the plaintiff and the R. E. Herlihy Construction Company was that of August 17, 1937, wherein the plaintiff agreed to perform the work according to the plans and specifications of A. N. Rebori, the architect.

As we have already stated, it appears from plaintiff's statement of claim that during the progress of the plaintiff's work the R. E. Herlihy Construction Company, was released from its contract with Adelyne Schwill and Julius Schwill, and from the facts as we have them before us, by the act of the defendants in releasing the general contractor from further performance of the agreements and conditions contained in the contract entered into by this corporation and the defendants, the plaintiff was really prevented from furnishing the architect's certificate for the work completed, and which is now demanded by the defendants. As we have stated, there is no provision in the plaintiff's contract that would compel him to comply with the provisions of the R. E. Herlihy Construction Co. contract and we believe under the circumstances that the court did not err in not requiring that before the plaintiff could recover it was necessary to furnish an architect's certificate for the final completion of the work. The question really in controversy before the court is the question presented to the court by the counterclaim of the defendants. It might be said in

passing that the question arising upon this counter-claim is a controverted question of fact, and it appears from the suggestion by the plaintiff in his brief that the record clearly shows the plaintiff inspected the work when it was finished on February 4, 1938, in the presence of Mrs. Schwill and Mr. Thomasson, the representative of the architect; that nothing was said as to anything being wrong, and Mr. Thomasson, as a witness, testified that he, the plaintiff, was told to come to the office the next day, to make out his final statement, and Thomasson told him it would be a couple of weeks before it goes through; that there were a few things to be corrected.

The defendants' criticism of the work was as to the following:

"1. The alleged failure to run flashing and counter-flashing across the parapet wall and the failure to imbed membrane waterproofing into one portion of the brick work, which they claimed resulted in a leakage into the house; that they spent $240.00 to remedy same.

"2. That they are entitled to a credit of $115.00, because a part of the tile work on one of the roofs was not done by plaintiff, but by another contractor; the credit is claimed for unused tile and labor which plaintiff did not perform.

"3. The sheet metal work (gutters and downspouts) was not proper in certain places, the chief complaint being one of appearance; that they replaced all of same, discarding plaintiff's material, at a cost of $325.00.

"4. That plaintiff guaranteed his work against leakage for a period of years."

Plaintiff's reply to one is:

"1. That they (plaintiff and his men) put in all flashing and counter-flashing, and that what Mr. Blizek, who was hired by defendants, did as to this, was not necessary; that they applied membrane waterproofing throughout except in one corner; that the reason they

did not apply the membrane in the one place was because the brick was already in, and they assumed it was applied by the mason contractor, on whom the duty rested; and that if they had been notified to put it in before the bricks went in they would have been glad to do so, and even after, if there had been a complaint. F. C. Cody, Jr., testified the membrane cost only one and one-half cents per foot. Mr. Rebori, defendants' own architect, testified it would entail only twenty, or thirty or forty dollars to correct the condition; that the membrane is a paper material. The trial court (after referring to the comments introduced by the parties) allowed $40.00 instead of the $240.00 claimed by the defendants.'' As to the second complaint:

''2. That the only unused and unlaid portion of the tile recovered by plaintiff, that was still good, was worth $36.00; that the corresponding credit for labor was $22.80, making a total of $58.80, which is what the trial court allowed as to this, instead of the $115.00 claimed by defendants.'' As to the third complaint:

''3. Plaintiff and all of his men claimed that the sheet metal work was completed in a good and workmanlike manner, and according to plans and specifications except where changes were asked; that nothing was the matter with it when they left the job; that as to the condition shown, *i. e.,* the downspout being put in diagonally, that was because of the drain, and could not be done any other way except that there be a change in the plumbing. The trial court (in passing upon this question) said whatever defects there were in the guttering did not amount 'to a great lot;' that the main part of the guttering was good; that plaintiff could and would have fixed any defects if only asked; that it was 'purely without reason' to tear down all of the guttering and discard the material because a few places were 'a little uncouth'; that $51.20 was ample to take care of whatever was necessary (instead of the $325.00 claimed by defendants).'' The court

made allowance of a total credit to the defendants on their counterclaim in the amount we have already stated, being $150.

Now these questions which were passed upon by the trial court were controverted questions of fact. From the record before us there is evidence tending to support the court's views upon the amount allowed, and we cannot agree with the contention of the defendants that the finding of the court is against the manifest weight of the evidence. The plaintiff by his contract was obliged to do the roofing (flat) work of certain portions of the roof according to plans and specifications of the architect. This portion of the work he sublet to one Mahood, and from what we can determine from the record, there has been no real claim for damage by reason of the work done by this contractor Mahood.

There has been a controversy as to the several questions. However, the court passed upon these, and there is evidence which would justify the conclusion of the court. For the reasons indicated in the opinion, judgment is affirmed.

*Judgment affirmed.*

DENIS E. SULLIVAN, P. J., and BURKE, J., concur.