TEANDER G. PETERSON, Appellee, *vs.* CHARLES M. PUSEY, Appellant.

*Opinion filed December 15, 1908.* .

1. PRACTICE—*it is proper to allow joinder and replication to be filed at the trial.* If at the time a case is called for trial the plaintiff has not filed a joinder to the general issue or replications to the pleas of set-off, it is correct practice for the court to permit him to file his joinder and replications at that time.

2. BUILDING CONTRACTS—*when recovery may be had under the common counts.* Where a building contract is oral and there is no agreement that any architect's certificates shall be given, a recovery may be had under the common counts where the contract has been performed and nothing remains to be done but to pay the contract price for the labor and material.

3. SAME—*substantial performance of building contract is sufficient.* Where there has been no willful departure from the terms of a building contract and no omission in essential points and it has been honestly and faithfully performed in its material parts, a recovery may be had although there are slight variations from the original agreement as to some portions of the work.

4. INSTRUCTIONS—*when omission of word "willfully" from impeaching instruction is not error.* While the words "knowingly" and "willfully" are usually coupled together in an impeaching instruction stating the rule where a witness has knowingly and will-

fully testified falsely to a material matter, it is not error to omit the word "willfully," as one who knowingly testifies falsely must be held to have done so willfully.

5. SAME—*instructions are to be considered as a series.* Giving an instruction stating that substantial performance of a contract is all that the law requires, without explaining what would be substantial performance, is not ground for reversal, where the instruction does not attempt to direct a verdict and there are other instructions in the series plainly setting forth what is meant by substantial performance of a contract.

6. APPEALS AND ERRORS—*questions of fact are not open to review in Supreme Court.* In an assumpsit on a contract the questions whether the evidence justifies the amount of the verdict; whether a certain person was authorized by defendant to superintend the work; whether the contract was performed in a workmanlike manner and the work accepted, and kindred questions upon which the evidence is in conflict, are questions of fact, which are concluded by the Appellate Court's affirmance of the judgment entered on the verdict.

7. SAME—*party cannot complain of improper remarks not objected to.* A party cannot complain of alleged improper remarks to the jury by counsel where he did not make an objection and obtain a ruling by the court and preserve an exception to the ruling or refusal to rule.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. W. N. GEMMILL, Judge, presiding.

CHARLES A. PHELPS, for appellant.

GALLAGHER & MESNER, and LEONARD FISKE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee recovered a judgment in the municipal court of Chicago for labor and material furnished appellant under a verbal contract for digging trenches, furnishing material, doing the mason work and laying cut stone for the

erection of a building in Chicago. Appellee claimed that the contract price finally agreed on was $4775, of which he was paid by appellant $3101.85, leaving a balance on the original of $1673.15. He also claims for extras $87, making the total amount claimed $1760.15, which, with interest, made the total amount of $1833.33 awarded by the verdict of the jury. This judgment was affirmed on appeal to the Appellate Court for the First District, and an appeal to this court followed.

At the time the case was called for trial appellee had not filed a joinder to the general issue or replication to the pleas of set-off. He was allowed by the trial court to file a joinder and replications at that time, over the objection of appellant, who then contended, as he does now, that he was entitled to have judgment entered for want of joinder on the plea of general issue and replications to the pleas of set-off. We think otherwise. Under our practice the trial court, in any action pending, may permit amendments to pleadings or proceedings, in form or substance, for the furtherance of justice. We think it would have been error for the trial court to have refused to allow appellee to file the pleadings in question. *City of East St. Louis* v. *Thomas,* 102 Ill. 453, is not in point.

Appellee claims that he had fully performed his agreement as to the work in question. There was no written contract, although there were some memoranda on a card which was introduced in evidence, and the plans and specifications in accordance with which the appellant claims the work was to be prosecuted. The defense was that appellee failed to comply with certain provisions called for by the plans and specifications and that the work was done in an unskillful manner, making the building permanently defective; and further, that appellee could not recover for the alleged extras, as the appellant did not authorize the extra work. Appellee testified that he was told by appellant that one Stevens was to act as superintendent as to the work

in question, and that he (appellee) should take orders from Stevens. This is denied by both appellant and Stevens.

Appellant moved, at the close of plaintiff's evidence and again at the close of all the evidence, that the court direct a verdict for defendant, both of which motions were overruled and exceptions duly taken.

Whether the evidence justified the amount of the verdict; whether Stevens was authorized to act as superintendent; whether the contract was performed in accordance with the agreement, in a workmanlike and skillful manner; whether the work was accepted by appellant after its completion, (as contended by appellee but denied by appellant,) and other questions of fact urged in the appellant's brief, are all controverted, and as there is evidence in the record tending to support the appellee's contentions on all these points, the judgment of the trial court on the verdict, which has been affirmed by the judgment of the Appellate Court, conclusively settles those controverted questions of fact in this court. We have nothing to do with the preponderance or weight of the evidence. (*Blakeslee's Express Co.* v. *Ford,* 215 Ill. 230; *Chicago and Eastern Illinois Railroad Co.* v. *Snedaker,* 223 id. 395; *Donnelly* v. *Chicago City Railway Co.* 235 id. 35.) This court can only inquire whether the rules of law were properly followed in the trial court in the admission of evidence, the giving of instructions, and the like.

Counsel for the appellant earnestly insists that recovery could not be had under the declaration filed in this case, as the contract was not fully performed as originally agreed. The declaration had two special counts alleging the oral contract, and the common counts. It has been frequently held by this court that where a contract has been performed and it only remains for the contract price for labor and material to be paid, recovery may be had under the common counts. (*Concord Apartment House Co.* v. *O'Brien,* 228 Ill. 360; *Expanded Metal Fireproofing Co.* v. *Boyce,*

233 id. 284.)    As we have said, there was no written agreement, and it is not contended that by oral agreement any architect's certificate was required to be given.    Even though there were slight variations from the agreement as originally entered into on some portions of the work, as contended for by appellant, we think, under the authorities just cited, appellee could still recover under the common counts, as he testified that the work was performed in accordance with the agreement.

What we have said with reference to recovery under the common counts we think practically disposes of all objections to the admission or exclusion of evidence raised by appellant.    It is sufficient to say we find no reversible error on those questions.

Appellant argues that an impeaching instruction given for the appellee was erroneous because it omitted the word "willfully" in the clause, "if you believe any witness has knowingly testified falsely to any material issue."    While the words "knowingly" and "willfully" are usually coupled together in such an instruction, if a person knowingly testified falsely we think he must be held to have willfully testified falsely.    The two words are equivalents.    (*Fry* v. *Hubner,* 57 Pac. Rep.—Ore.—420.)    "Intentionally" is given as one of the meanings of each of these words. (Standard Dict.)    This court has held that by a willful violation of the law is meant a violation of its provisions knowingly and deliberately.    (*Catlett* v. *Young,* 143 Ill. 74.)    We have also held that if a person consciously omitted to comply with a statutory requirement this constituted a willful violation.    (*Spring Valley Coal Co.* v. *Greig,* 226 Ill. 511.)    We do not consider this instruction erroneous.

Appellant also complains of the second instruction given for appellee, which stated that substantial compliance with the terms of the agreement was all that the law requires, arguing that this instruction, considered by itself, submitted to the jury the question of performance without telling

them what was a substantial compliance, and that therefore, under *Estep* v. *Fenton*, 66 Ill. 467, this was reversible error. This instruction did not direct a verdict, and several of the instructions given for appellant plainly set forth what was meant by a substantial compliance with the contract. Instructions must be considered as a series, and taking them together we do not think there was any possibility of the jury being misled on this point. *Helbig* v. *Citizens' Ins. Co.* 234 Ill. 251.

Appellant, while admitting that this court in *Keeler* v. *Herr*, 157 Ill. 57, laid down the rule that a substantial compliance was sufficient, and that where there has been no willful departure from the terms of the contract and no omission in essential points and it has been honestly and faithfully performed in its material and substantial particulars, recovery can be had even though there have been technical or unimportant omissions or defects, and that we have sanctioned that ruling in *Shepard* v. *Mills*, 173 Ill. 223, *Evans* v. *Howell*, 211 id. 85, *Bauer* v. *Hindley*, 222 id. 319, *Concord Apartment House Co.* v. *O'Brien, supra,* and other decisions, argues that the *Keeler* v. *Herr case, supra,* relied on the New York authorities to support this rule, and attempts, by citing a long list of authorities from New York, to show that the courts of that State do not uphold the rule laid down. It would serve no useful purpose to attempt to review the New York decisions cited. This rule has been so repeatedly sanctioned by this court that it must now be held to be the settled law of the State.

We do not think the third instruction is subject to the criticism that the jury would be authorized to find for the appellee regardless of whether there are any hidden defects in the work, unknown to appellant at the time of his alleged acceptance. Neither do we think the jury would be led by this instruction to disregard the evidence of appellant which was offered for the purpose of showing the damages, if any, caused by such alleged defects.

237—14

Several objections are raised to appellee's fifth instruction. The first is, that there was no evidence that Mr. Stevens was authorized to act as superintendent. As we have already stated, there was evidence tending to show that he was to act as superintendent, so that this was a controverted question of fact and properly left to the jury. We do not think the instruction on that point was misleading. Neither do we think that it was misleading in showing that the court thought that Stevens was the superintendent. We think, also, it plainly states that the superintendent must act within the scope of the authority. The further criticism, that as the instruction directs a verdict it was erroneous because it does not contain all the necessary facts, is without foundation. What we have said of this instruction practically disposes of the criticism of appellee's seventh instruction. The question whether or not the appellant accepted the building was properly covered by this instruction.

We do not think there was any error in the modification or refusal of the appellant's instructions. The instructions given for him fully and fairly covered the law in his behalf.

Appellant further contends that counsel for the appellee made improper remarks in his closing address to the jury. We do not find it necessary to pass on this question, as appellant, as shown by the abstract, did not object to that part of the address which he is now criticising. Furthermore, while he did object to another part of the address, he preserved no exception to the ruling of the court. A party litigant can only complain where he has objected to and obtained a ruling of the court and excepted to it or excepted to a refusal of the court to act. *City of Salem* v. *Webster,* 192 Ill. 369; *McCann* v. *People,* 226 id. 562.

We find no reversible error, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*