Edward Lawrence, Appellee, v. Village of Channahon, Appellant.

Gen. No. 5332.

1. NEGLIGENCE—*when city liable for disrepair of bridge.* Notwithstanding a bridge may have been constructed by the state and not formally accepted by the city, if it has been permitted by the city to be used as a part of its highway system and if the city graveled the approaches thereto, the city is liable for injury to property resulting from its state of disrepair.

2. NEGLIGENCE—*when violation of statutes does not preclude right to recover.* If an injury to property has been suffered through negligence of a city, the person who has suffered the damages is not barred of a recovery because of the violation of a statute by him where such violation in no wise contributed to the injury suffered.

Action in case. Appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910.

S. J. DREW, for appellant.

LOUIS LAGGER and GEORGE N. BLATT, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

Channahon, a village incorporated under the general law, is situated in the western part of Will county. Its main east and west street crosses the DuPage river and the Illinois and Michigan canal by means of a small bridge over the east branch of the river, a double span bridge over the main

stream some distance westward, and a single span bridge over the canal which is fifty or sixty feet from the main stream. They were built by the state before the village was incorporated and are wholly within the corporate limits of the village, and are the only bridges in or near the village that cross both streams. The bridges needing repairs, and a dispute arising between the canal commissioners and the village officers, as to whose duty it was to repair them, an agreement was entered into, whereby the village was to make the necessary repairs, for which it was to be reimbursed by the canal commissioners, in the event an appropriation was made by the legislature and sustained by the Supreme Court. The village did make sundry repairs. Later, the canal commissioners notified the village that they would not be responsible for these bridges, and offered to give them to the village upon certain conditions, which offer the village declined to accept. On August 18, 1907, while Edward Lawrence was driving in an automobile over these bridges, the east span of the double bridge gave way, and he and the automobile fell into the river. He was not hurt, but the automobile and its contents were damaged. He brought this suit in the Circuit Court of Will county to recover damages for injuries to the automobile and other property, for money and time spent in recovering and reclaiming his property, for the deprivation of the use of the automobile, and for repairs therefor. The declaration contained two counts. The first charged the village with the duty to keep the east span of the double bridge in a reasonably safe condition, or to close the same to public travel; that it negligently permitted said span to become, and, for a long time prior to the accident, to remain, in a decayed and otherwise unsafe condition; that the village had knowledge of its dangerous condition, and neither made the necessary repairs nor closed it to public travel, and, that, while Lawrence, in the exercise of due care, was attempting to pass over the east span, without any knowledge of its unsafe condition, it suddenly gave way and precipitated him and his automobile and its contents into the river. The second count was like the first except that

it alleged that the village was possessed of, or in control of, a certain public highway leading to and across a certain public bridge across a certain stream, all within the corporate limits. A plea of not guilty was interposed, and a trial resulted in a verdict for Lawrence for $835. A motion for a new trial was made, and the court suggested a *remittitur* of $135 which Lawrence refused to make. A new trial was granted. On the second trial, Lawrence obtained a verdict of $1142.40. A motion for a new trial was made, and, on the suggestion of the court, a *remittitur* for $390 was filed. The motion for a new trial was overruled, judgment was entered for $732.40 and the village prosecutes this appeal.

The evidence is conflicting as to the condition of the span of the bridge that gave way. Many witnesses testified that it was in a bad state of repair, and had been for a number of months. Many others testified that it was in good condition. The proof was also conflicting as to the degree of care appellee exercised in driving the automobile upon the bridge. This conflict in the evidence was for the jury to determine, and, as we cannot say that their verdict is manifestly against the preponderance of the evidence, it is binding upon this court.

Appellant does not question the amount of the damages, but contends, that, as it did not accept the bridges, it is not liable, and that, as the bridges are owned by the State, if any liability exists, it is for the canal commissioners to answer. It is true that the bridges in question were built by the State, and that when tendered to the village, they were not accepted; that the village was not bound to maintain them; that it could have condemned them as a nuisance; that it might have vacated the street leading to them and might have closed them up, but it did nothing to prevent the public from using them. They are all within the corporate limits of the village, and are a part of its system of highways, and in general use by the public. The village authorities, not only allowed them to be so used, but repaired them, graveled the approaches to them and the roadway

between them, and replanked, and otherwise repaired the span that fell. It was held in Village of Marseilles v. Howland, 124 Ill. 547, that "An incorporated town is not bound to build a sidewalk upon a public street, but if one is constructed by an individual, and is used by the public with the knowledge of the town authorities, the law would require them to remove the walk or assume responsibility for its reasonably safe condition. The same may be said of a bridge constructed within the limits of an incorporated town." The act under which the village was incorporated, conferred the power to control and repair its highways and streets, and a municipal corporation cannot, as held in Kreigh v. City of Chicago, 86 Ill. 407, divest itself of a power imposed upon it by the law. The law imposed upon the village the duty to keep its streets and bridges in a reasonably safe condition for travel, and that duty cannot be shifted to another. Village of Jefferson v. Chapman, 127 Ill. 438. The village cannot escape liability on the ground that the bridges are owned by the State and that it did not accept them when tendered to it.

Complaint is made of the refusal of the court to give the fourth, fifth, sixth, eighth, tenth and eleventh instructions asked by appellant.

The fourth would have told the jury that if they believed that appellant did not own the bridge, and had not accepted it as a part of its highway, it should be found not guilty. If it had assumed control thereof, it was liable, and the jury had a right to consider that phase of the case. Both the fourth and fifth disregard the question of appellant's liability for the failure on its part to close the bridges to travel, and for inviting the public to use them by improving the highway up to and between the same, and for not posting notices of warning, and neither was in harmony with the rule laid down in Village of Marseilles v. Howland, *supra*. They directed a verdict and should have accurately stated the law.

The seventh instruction would have told the jury that appellee was bound to use in the day time certain precautions as to lighting that were required by the statute only

at night, and that if appellee did not have a red light burning on the rear of his automobile at the time of the accident, he could not recover. The neglect of an owner of an automobile to comply with the statute in its requirements as to automobiles, may subject him to a penalty, and he may be *prima facie* liable for any injury he may occasion, if he is in default in this respect, but he can, like any other citizen, recover, if he is injured on a public street through the negligence of another, where his default does not contribute to the injury. Hemming v. Haven, 74 Atl. Rep. 892.

Instructions six, eight, ten and eleven were mere abstract propositions of law and had no application to the facts in the case.

Appellant further contends that counsel for appellee made improper remarks to the jury during the progress of the trial. This question is not presented for our consideration, as no objection or exception to such remarks appear in the record. A party litigant can only complain where he has objected and obtained a ruling of the court, and excepted to it, or excepted to the refusal of the court to act. McCann v. People, 226 Ill. 562; Peterson v. Pusey, 237 Ill. 204; People v. Weil, 243 Ill. 208.

No reversible error of law appearing in the record, the judgment of the lower court is affirmed.

*Affirmed.*

MR. JUSTICE DIBELL took no part in the decision of this case.