## Paul Dobbles, Appellee, v. Electric Coal Company, Appellant.

MINES AND MINERS—*what essential to recovery for wilful violation.* Before a plaintiff can recover in an action under section 18 of the Mines and Miners Act he must show that the proximate cause of the injury was the wilful violation of the statute by the defendant.

Action in case for personal injuries. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1910. Reversed. Opinion filed October 18, 1910.

O. M. JONES and CHARLES TROUP, for appellant; MASTIN & SHERLOCK, of counsel.

S. M. CLARK and C. H. BECKWITH, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellee to recover for an injury in a mine of appellant. Trial below resulted in a judgment for appellee for $650; appellant prosecutes this appeal to reverse that judgment.

The declaration in this case contains but one count and is brought under section 18 of the statute relating to mines and miners, for a wilful violation of the statute. The violation charged in the declaration is that appellant permitted appellee, who was employed by appellant as a mule driver, to go into the mine without said mine having been duly and properly inspected and a record made thereof by the mine examiner, and in permitting the mine to be in an unsafe condition at the time when it permitted appellee to enter for the performance of his work; that a large mud hole, filled with water, was allowed to be and remain in the middle of the roadway at the intersection of the west main entry and a cross-cut running north from this main entry at a point where the track in the cross-cut con-

nected with the track in the main entry; and further charges that appellee, while in the performance of his duties and upon the car in the usual and customary manner, was driving the mule, it shied at the mud hole, kicked the switch which caused the car to run on the track in the cross cut, the mule proceeded up the main west entry and because thereof, appellee was thrown from the car and received his injury.

The section of the statute under which a recovery is sought requires that a mine examiner shall be employed at all mines, that it is his duty to visit the mine before men are permitted to enter and he shall inspect the places where men are expected to work or pass, and observe whether there are any recent falls or obstructions in the roadway or room; or whether there is an accumulation of gas or any other unsafe conditions, and shall mark the same upon the walls, etc.

Before the plaintiff can recover in an action under this section of the statute, he must show that the proximate cause of the injury was the wilful violation of the provisions of the statute by appellant; this statute is intended to impose obligations upon mine owners for the protection of the miner from injuries which are incident to the operation of the mine, and appellant is not liable by reason of its provisions for any neglect of duty which falls within the ordinary rules of law regarding negligence which are not incident to the operation of the mine. Girard Coal Co. v. Wiggins, 52 Ill. App. 69. The existence of the mud hole complained of was not the proximate cause of the injury to appellee, the mud hole in itself was not dangerous and the injury to appellee was not caused by reason of it, or by reason of appellee coming in contact with it, but his injury was caused by reason of the habit of the mule in shying. The mud hole was only a condition which made the injury possible when in connection with the shying and kicking of the mule, and it required the combination of these two conditions to cause the injury.

Before a recovery can be had under this statute for a wilful violation thereof there must have been a failure to perform some act required by the statute, and that act must have been knowingly done or the requirements knowingly omitted or the knowledge of the doing of such act or its omission must be chargeable to the mine owner by reason of a failure to use ordinary diligence and caution on his part to. determine the same, but the statute does not apply to an ordinary act of negligence under the common law. Catlett v. Young, 143 Ill. 74; Peterson v. Pusey, 237 Ill. 204; Peebles v. O'Gara Coal Co., 239 Ill. 370.

The record discloses that appellee was aware of the habit of the mule and there is no evidence that appellant had any knowledge or information regarding it and neither is there any evidence tending to show that appellant had any information or knowledge regarding the condition of the track. The conditions that here existed are not a violation of the section of the statute complained of and under which a recovery is sought in this case. At most, it could only be a question whether or not appellant furnished appellee with a reasonably safe place to perform his labors under the ordinary and usual rules requiring the master to furnish a reasonably safe place in which to perform the work. This record does not disclose any dangerous condition or negligent act within the contemplation of the statute so as to render appellant liable for wilfully permitting plaintiff to enter this mine at the time in violation of the statute.

From the view we have taken of this case it becomes unnecessary to pass upon the other questions raised by this record. The judgment is reversed and the clerk will enter in the judgment herein a finding of fact that appellant was not guilty of a wilful violation of the statute.

*Reversed.*