## Thomas Jacobs et al., Appellees, v. Madison Coal Corporation, Appellant.

1. MINES AND MINERS—*when declaration does not charge wilful violation.* A declaration which charges that the owner could have known of the dangerous condition relied upon as the basis of the recovery, does not charge a wilful violation under the Mines and Miners Act.

2. MINES AND MINERS—*what essential to liability of owner.* Under the Mines and Miners Act in order to charge an owner with death or injury a wilful violation of the statute must be averred and proved.

3. MINES AND MINERS—*what not dangerous condition within meaning of statute.* It is not a dangerous condition within the meaning of the statute to have a low entry or an entry lower at one point than another.

4. MINES AND MINERS—*when expert testimony competent.* Expert testimony is competent upon the question of the proper placing of timbers and the safe condition of an entry.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded. Opinion filed November 11, 1911.

C. H. BURTON, for appellant; JOHN G. DRENNAN, of counsel.

WEBB & WEBB, for appellees.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

This was an action by appellees, Thomas and Martha Jacobs, parents of Andrew J. Jacobs, to recover damages resulting to them from the death of Andrew which resulted from injuries received in the mine of appellant where he was employed as driver. The trial resulted in a verdict and judgment in favor of appellees for the sum of $1,999.90.

After appellant's motion for a new trial had been overruled, it made a motion in arrest of judgment

based on several grounds, the main ground urged in the argument being that the declaration did not state a cause of action.

The declaration containing one count in substance charged that deceased was employed in appellant's mine as a driver to haul loaded cars of coal by means of a mule from certain rooms through an entry to the bottom of the shaft; that the roof of the entry through which he hauled was composed of rotten and brittle substances on account of which a number of cross bars were maintained underneath the roof to keep the same from falling on employes passing thereunder; that a number of said cross bars had become broken and sagged by reason whereof it was highly dangerous for drivers to haul full loaded cars thereunder and that said sagged and broken timbers constituted an unsafe and dangerous condition in said entry of which appellant then and there knew or could have known by complying with the statute in relation to the operation of coal mines. It was further charged that appellant wilfully allowed the deceased to enter said rooms and entry to haul before said dangerous condition had been removed and the place made safe whereby the deceased while driving a full loaded car through said entry came in contact with said broken and sagged timbers and was dragged from the car on said hauling road and so crushed that he afterwards died.

The declaration was, as argued by appellees, sought to be based upon subsection (b) of section 18, of the statute, in relation to mines and miners which provides that "when accumulations of gas or recent falls, or any dangerous conditions exist he (the mine examiner) shall place a conspicuous mark thereat as notice to all men to keep out and at once report his findings to the mine manager. No one shall be allowed * * * to enter the mine to work therein except under the direction of the mine manager until all conditions have been made safe."

The averment that appellant then and there could have known of such dangerous condition by complying with the statute seeks to make appellant liable under the statute for negligence without regard to whether it had knowledge of the condition or had knowledge of facts from which it ought to have known its dangerous condition, and eliminates the wilful failure required to create the statutory liability.

It was only necessary to prove this averment in the declaration to show there was a dangerous condition and appellant could have known of it by complying with the statute. Mere neglect to discover a dangerous condition creates no statutory liability. It must be a wilful failure to observe the statute and this has frequently been defined to be a conscious failure. "If the mine is in a dangerous condition and the owner or operator has failed with knowledge of its condition to comply with the statute, he is liable and he cannot excuse himself that he had the mine examined and in good faith thought it was not dangerous." Aetitus v. Spring Valley Coal Co., 246 Ill. 32. "It is the duty of the owner or operator of a mine to have his mine examined and if it is in a dangerous condition to have the dangerous places designated by the statutory marks, and if he fails in either particular with knowledge of its dangerous condition or with knowledge of facts from which he ought to know of its dangerous condition, he is liable to a person in the mine under his employ who is injured as a result of his wilful failure to obey the mandates of the statute." Ibid.; Cook v. Big Muddy Mining Co., 249 id. 41.

No such liability as that alleged in the declaration existed by statute and the declaration did not aver a cause of action.

As the case will be reversed and remanded other errors to which the attention of the court has been called will be noticed. The 5th, 6th, 7th and 8th instructions contain the same elements of negligence as

that contained in the declaration above considered and were erroneous.

It is insisted also the verdict is contrary to the evidence.

The cause of the injury was alleged to be broken and sagged timbers in the entry constituting a dangerous condition. No witness saw this accident. When Jacobs started with his trip it does not appear in what manner he was riding. His course was north through the entry. When he started a witness Robach started after him to go to a tool box in the entry. While there he heard the deceased calling his name. He went to the place and found Jacobs lying across the track, the mule unhooked from the car or box and with the hook and chain fastened to the mule. The mule was about two steps ahead of the deceased and the front car was five steps behind or south of him. Measurements were taken of the cross timbers along the place on Monday, February 21, two days after the deceased was injured and before there had been any change in conditions. The evidence of these measurements shows the nearest cross timber south of where Jacobs was lying was twelve feet distant. This timber and the one next to it four feet further south were six feet three inches high from the top of the rail or the car track. Thence on south the timbers ranged in height from five feet seven inches to six feet five inches. There were no broken or sagged cross bars above the deceased and there were none within twelve feet south of him at the nearest shown by any evidence. The only evidence from which it might be inferred the deceased was dragged from his trip in the manner alleged in the declaration was that a small quantity of bark was found on top of the car of coal and his face was scratched. There was evidence that there were broken and sagged timbers in the entry testified to by witnesses for appellees but without discussing it at length we are of opinion the weight of the evidence is against the theory that the

deceased was dragged from the car by a broken and sagged timber. The mining statute does not prescribe the height of entries. It was realized by the law maker that veins of coal differed in thickness and while a high entry would be practicable in a thick vein, it would not be so in a thin one. It is not a dangerous condition within the meaning of the statute to have a low entry or an entry lower at one point than another.

The court excluded evidence of experts offered by appellant of the proper placing of the timbers and the safe condition of the entry. We think the evidence should have been admitted and it was error to exclude it. Hamilton v. Spring Valley Coal Co., 149 Ill. App. 10, and cases cited.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*