## August Krumholz, Defendant in Error, v. Jacob Tobias, Plaintiff in Error.

## Gen. No. 16,218.

CONTRACTS—*when substantial compliance sufficient.* A substantial compliance with a contract calling for the installation of a steam heating plant is sufficient to justify a recovery.

Error to the Municipal Court of Chicago; the HON. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed February 21, 1912.

GROSSBERG, SHAEFFER & KOMPEL, for plaintiff in error.

CHARLES M. FOELL and EARL J. WALKER, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

In a suit brought by defendant in error against plaintiff in error in the Municipal Court to recover for labor performed and materials furnished in installing a steam heating plant, under the terms of a written contract entered into between the parties, a trial by the court without a jury resulted in a finding and judg-

ment against plaintiff in error for $682.40, to reverse which judgment he prosecutes this writ of error.

The contract price of the job was $750. During the final installation of the plant defendant in error was unable to procure the services of union workmen, and at the suggestion of plaintiff in error, Charles Kummerow was employed to finish the work, and entered into a contract with defendant in error to do so for $49. This contract was fully performed. The court found that defendant in error had in good faith complied with the terms of the contract in all material and substantial particulars, and was entitled to recover the contract price less the expense of installing certain radiation.

The doctrine of substantial compliance is too firmly established in this State to be overturned upon the authority of New York decisions to the contrary. Peterson v. Pusey, 237 Ill. 204.

The other questions involved are purely of fact, as to which the evidence is in hopeless conflict. We are unable to say that the finding of the trial court was against the clear preponderance of the evidence, and the judgment will be affirmed.

*Judgment affirmed.*