370    APPELLATE COURTS OF ILLINOIS.

Mengelkamp et al. v. Consolidated Coal Co., 173 Ill. App. 370.

# Henry Mengelkamp and Tillie Mengelkamp, Appellees, v. Consolidated Coal Company, Appellant.

1. MINES AND MINERS—*when act applies.* The Mines and Miners' Act applies to all dangerous conditions in a mine whether they are incident to mining or not.

2. MINES AND MINERS—*constitutionality of act.* The Mines and Miners' Act is not unconstitutional because it applies to conditions common to other occupations.

3. MINES AND MINERS—*mere negligence.* Proof of mere negligence will not support a verdict under the mining act, but there must be a wilful failure by the defendant to perform some act required by the statute.

4. MINES AND MINERS—*when declaration sufficient after verdict.* A declaration alleging violation of the Mining Act is sufficient after verdict, where each of its counts states that the company, or mine manager, or examiner wilfully failed to perform the particular duty required by the statute and that the dangerous conditions existed for several days.

5. MINES AND MINERS—*pleading.* A declaration which avers failure by a mine manager to perform his duty to see that a certain place was marked or danger signals placed there, after verdict implies a failure to perform the duty as alleged and is not objectionable as to imposing on such manager a personal duty to mark a dangerous place.

6. APPEALS AND ERRORS—*exclusion of evidence harmless where subsequently admitted.* Refusal to permit a mine examiner on cross-examination to state that his report was a correct report of conditions, even if error, is harmless were such examiner later stated that after his examination he reported conditions safe.

7. EVIDENCE—*when exclusion of expert not error.* It is not error to exclude expert evidence that a track in a mine was good and suitable for mine operation, where alleged defects therein caused the injury complained of, since the question is whether a dangerous condition existed.

8. INSTRUCTIONS—*when withdrawal not error.* No serious error is committed where an improper instruction was read to the jury, but subsequently withdrawn.

9. MINES AND MINERS—*instructions.* An instruction is not erroneous which refers to the declaration for the injury and for the alleged dangerous condition in a mine, when there is no complaint as to the sufficiency of such averments.

10. MINES AND MINERS—*instructions.* An instruction is correctly refused which is argumentative and does not state a correct view of

the mining law, and would take from the jury the determination of whether a dangerous condition existed.

Action in case for death caused by alleged wrongful act. Appeal from the City Court of East St. Louis; the Hon. W. M. VANDE-VENTER, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed October 7, 1912. Rehearing denied November 9, 1912.

WISE, KEEFE & WHEELER, for appellant; R. B. HEN-DRICKS and MASTIN & SHERLOCK, of counsel.

D. J. SULLIVAN, for appellees.

MR. JUSTICE McBRIDE delivered the opinion of the court.

By this appeal the appellant seeks to reverse a judgment recovered by the appellees against it in the City Court of East St. Louis, for the amount of five thousand dollars.

On April 7, 1911, Casper Mengelkamp was employed in appellant's mine as assistant upon the electric motor and his business was to attend to the throwing of switches, coupling and uncoupling of cars and perform such other duties as might be required of him by the operator of the motor. While engaged at this work he fell from the motor and was badly injured, which resulted shortly thereafter in his death. He left surviving him parents who brought this suit to recover for his death under the mining statute of this state.

It appears from the evidence that while the deceased was engaged at his work he rode upon a bench upon the front end of the electric motor, and that as occasion would require he would couple to or uncouple cars from the motor, turn the switches and perform such other work as he was directed to do by the operator of the motor. On the day in question some cars had become uncoupled from the trip and upon discovering that these cars were lost the motorman, in connection

372 APPELLATE COURTS OF ILLINOIS.

Mengelkamp et al. v. Consolidated Coal Co., 173 Ill. App. 370.

with the deceased, returned on the trip to recover the lost cars. The motorman was on the rear of the electric motor and the deceased on the front end thereof, and as they approached the place near where they expected to find the lost cars they passed under a low place in the roof of the entry which was caused by a roll in the roof, and shortly after having passed by this roll in the roof the deceased reached back on the top of the motor for a snatch hook and at that moment fell and was crushed by the motor. The motor, at the time, was running very slowly, about as fast as a man could walk, as expressed by the motorman. The place where the deceased fell was about eighty or eighty-five feet from the roll of the roof and in towards the workings of the mine. The evidence as to the condition of the road and roadbed, at the place where deceased fell, is very conflicting. The testimony of appellees' witnesses shows that the ties underneath the track were rotten in many places, and the spikes loose and that the condition of the track would cause the motor to swing and bounce as it passed over; that the roll in the roof would drag coal from off of the cars and had caused it to be scattered all along the track and to some extent obstructed the passage of the motor; that the track and surroundings had been in this condition for several days prior to the time of the injury.

It is alleged in the declaration, and claimed by counsel for appellees, that this constituted a dangerous condition in appellant's mine, and that such dangerous condition was knowingly permitted by the appellant to exist. It is denied by the witnesses for appellant that the track and surroundings were in the condition testified to by appellees' witnesses. The witnesses for appellant say, that a short time prior to the injury that the track had been repaired for a distance of eighty-five feet from the roll, or low place in the entry, and that it was apparently level and smooth and in every way in good condition. It is admitted

by the witnesses for appellees that the track had been repaired, shortly before, for a distance from the roll but it was claimed by them that the repairing had not extended as far in towards the mine as the place at which the deceased was injured.

There are four counts in the declaration. The first count, after stating the duties of the deceased, alleged that "on the day aforesaid, and for a long time prior thereto there existed in the entry through which testate's duties required him to pass a dangerous condition due to the fact that the track on which said motor ran was uneven, the ties, upon which the same rested, defective and rotten and the ground under said ties soft and spongy, and the roof of the entry, at and near the point where the track was in such defective condition, so low that it would rake the coal off the loaded boxes being hauled by the motor; that the coal so thrown from the boxes was liable to throw the motor and cars from the track, and said condition of the track, roof and coal had existed in such entry for many weeks prior to the death of plaintiffs' intestate, and was known to the defendant, or could have been known to it by the exercise of reasonable care." It then alleges that the deceased was in the line of his duty and was run over by the motor and injured, from which injuries he died. And then avers as follows, "Plaintiffs aver that the death of their intestate resulted from a wilful failure on the part of the defendant to prevent their intestate from entering said mine to work therein at his usual duties until the said entry had been made safe."

The second count sets forth the conditions of the track and the injury to the deceased in substantially the same manner as the first, and then avers, "That a reasonable examination upon the part of the defendant's mine examiner would have disclosed the condition aforesaid, but that the defendant's mine examiner, with knowledge of said conditions, wilfully failed to place a conspicuous mark where said dangerous

place existed as notice to men to keep out; and wilfully failed to report the said conditions to the mine manager. That by reason of such wilful failure the death of plaintiffs' intestate resulted as aforesaid.''

The third count, after setting out the conditions of the track and the injury of the deceased in substantially the same manner as the first count, then avers, ''He was thrown from the motor in front of the same by reason of the defective condition of the track and the roof, and because of the wilful failure of the defendant as hereinafter stated. That the dangerous conditions were known to the defendant's mine examiner and would be discovered by him on any examination and inspection made by him, but the defendant's mine examiner wilfully failed to enter upon his daily record the said dangerous conditions aforesaid, in the book kept for that purpose, and that by reason of his wilful failure to make such entry in said book the death of plaintiff's intestate resulted as aforesaid.''

The fourth count sets out the conditions of the track and mine and the injury to the deceased, substantially in the same manner as the first count, and then avers, ''That the deceased was thrown from the motor, in front of the same, by reason of the defective condition of the track and roof aforesaid, and because of the wilful failure of the defendant hereinafter stated. And plaintiffs aver that it was the duty of the defendant's mine manager to see that all dangerous places above and below are properly marked and that danger signals are displayed wherever they are required; and that it was the duty of the defendant's mine manager to properly mark the dangerous places and conditions aforesaid, and to have there displayed a danger signal or signals; but plaintiffs aver that defendant's mine manager wilfully failed to mark said dangerous place or to display a signal at such place, and that by reason of his wilful failure to mark such place and display such signal the death of the plaintiff's intestate resulted as aforesaid.''

The first contention of counsel for appellant is, that the mining act is not applicable to this case. He then takes up the low roll and the coal along the track, and the track separately, and argues that because these are matters incident to mining that they can not be considered as dangerous conditions, and that because some of these incidents are common to other occupations that they are unconstitutional. We regard the argument of counsel upon this question as fallacious and not supported by authority or logic. It is very apparent from this record that the dangerous condition found by the jury to have existed in this mine was that the track was uneven, ties rotten, spikes loose and the track in general in that condition that caused the motor when passing over it to swing and sag to one side, and jump when it hit the joints, and shake, as expressed by some of the witnesses, by which deceased was thrown from the car. It is sufficient answer to counsel's contention to quote the language of the Supreme Court in the case of Dunham v. Black Diamond Coal Co., 239 Ill. 459. "We cannot accede to this contention, but think the statute broad enough to protect the appellee from all dangerous conditions found in the mine. The statute provides that no one shall be allowed to enter the mine to work, except under the direction of the mine manager, until all conditions have been made safe, and that when any dangerous condition is discovered to exist in the mine, the mine examiner shall place a notice to all men to keep out of the mine. Clearly this language of the statute applies to a dangerous condition in the mine such as in the track over which the cars are drawn or in the road-bed or the sides of the entries by which the mine is traversed, as well as dangerous conditions caused by the falling of rock or other debris, and clearly includes a live wire so placed in the mine that a driver or his mule is exposed to contact therewith while in the mine, and from which an injury similar to the injury received by appellee might result."

376    APPELLATE COURTS OF ILLINOIS.

Mengelkamp et al. v. Consolidated Coal Co., 173 Ill. App. 370.

We are of the opinion that the conditions here described in plaintiffs' declaration are within the terms of the mining act. The Constitution expressly authorizes special legislation as to mining and makes it the duty of the General Assembly to provide such laws as may be necessary for the protection of miners, and to provide for such appliances as may secure safety in coal mines, and we can see no reason why the courts, under this clause of the constitution, should look to other occupations and determine whether such law did or did not affect such occupations, or whether it was or was not a danger that was common to other occupations; the very purpose of this constitutional amendment was to place the mining laws in a class to themselves, and our courts have further said that these laws should be liberally construed for the protection of the miners. Our Supreme Court has said that this section recognizes the dangerous character of the occupation of miners and requires legislation specially for their protection. The mining act was passed in obedience to this mandate and is to be liberally construed. Pate v. Blair-Big Muddy Coal Co., 252 Ill. 198; Cook v. Big Muddy Mining Co., 249 Ill. 41.

The next contention of appellant is, that the declaration states no cause of action, and after repeating the reason above noticed, as to the inapplicability of the laws, that none of these matters are subject to the mining act, adds further, that the allegations in each of the counts charge negligence and not wilfulness and that proof of mere negligence will not support a verdict under the mining act. True, the declaration avers the facts therein set forth to be negligent acts, and it is also true, as claimed by counsel that proof of mere negligence will not support a verdict under the mining act but it must appear from the evidence that there was a wilful failure upon the part of the defendant to perform or omit to perform an act required by the statute to entitle him to a judgment. It is also true that the allegation, "and was

known to the defendant or could have been known to it by the exercise of reasonable care'' appears substantially in each count of the declaration, and it is claimed that because of this averment that the count charges mere negligence and not wilfulness. It will be observed that each count of the declaration sets out the employment of the deceased, his work, the defective condition of the track, roof and sides of the entry, and that such condition had existed for many weeks prior to the death of plaintiffs' intestate, avers that it was a dangerous condition, and then avers in the first count that the death of the intestate resulted from the wilful failure on the part of the defendant to prevent such intestate from entering said mine to work therein at his usual duties until the said entry had been made safe.

The second count avers that the defendant's mine examiner with knowledge of such dangerous condition wilfully failed to place a conspicuous mark where said dangerous condition existed, and wilfully failed to report the said condition to the mine manager, and that by reason of such wilful failure the death of plaintiffs' intestate resulted.

The third count charges that the mine examiner wilfully failed to enter the dangerous condition upon his record.

The fourth count charges that it was the duty of the mine manager to see that all dangerous places, etc., were properly marked and danger signals displayed; and avers that the mine manager wilfully failed to mark such dangerous place or to display danger signals thereat.

We are of opinion that while these counts contain some immaterial matter, that there is enough in them, especially after verdict and judgment, to sustain a judgment for wilful failure. It is stated in each of the counts that the defendant, the mine manager or mine examiner, respectively, wilfully failed to perform the particular duty required by statute, and that

the dangerous conditions set forth had existed for many days; this was a sufficient allegation to imply knowledge upon the part of the parties, respectively, in each of said counts. The Supreme Court in the case of Peebles v. O'Gara Coal Co., 239 Ill. 374, says, "The count charges that plaintiff in error wilfully permitted defendant in error to enter said working place. The word 'wilfully' is synonymous with 'knowingly.' The two words are equivalents. (Peterson v. Pusey, 237 Ill. 204.) The count charges that the dangerous condition existed prior to the day of the injury as well as on the day of the injury. Section 18 of the Mines and Miners Act upon which this count is based, requires a daily inspection of the mine by the mine examiner. Argumentatively, at least, the count therefore charged the plaintiff in error with notice of this dangerous condition. We think this count was a defective statement of a good cause of action, and is sufficient to sustain the verdict and judgment." And in the same case the Supreme Court says: "Manifestly, the operators of mines are liable, under this provision of the statute, not only when the dangerous conditions have been discovered by them, but also if, by the exercise of the care required by the provisions of the act, they could have discovered the existence of such conditions."

The declaration in this case alleges a dangerous condition; that it had existed several days prior thereto and a wilful failure upon the part of the defendant and its agents to perform their duties required by statute, and we think this disposes of the question arising in each of the counts of the declaration except the fourth. It is urged that the fourth count of the declaration imposes upon the mine manager a personal duty to mark the dangerous place or place a signal thereat; and the case of Legru v. Penwell Coal Mining Co., 149 Ill. App. 555, is referred to as exempting him personally from the performance of this

duty.  The averment in this count is, that it was the duty of the mine manager to see that this place was marked or danger signals placed thereat; and then avers his failure to mark it or place danger signals thereat.  We are of the opinion that the breach here assigned, taken in connection with the duty alleged, would imply a failure upon the part of the mine manager to perform the duty as alleged, at least after verdict, and that it would not be susceptible of the construction sought to be given to it by counsel in his criticism.  There was no contention in this case that the mine manager displayed a signal or claimed to have marked the place but the controversy was over the question as to whether this was or was not a dangerous condition, and we think that this count is fully sustained by the decision of the Supreme Court in the case of Dunham v. Black Diamond Coal Co., *supra.*

It seems to us from a consideration of this whole record and the instructions of the court, that the jury could not possibly have been of the impression that they were trying a mere question of negligence, as each count of the declaration concludes with an allegation of wilful failure resulting in the injury complained of.

Instructions Nos. 3, 4 and 5 of plaintiffs' and especially in instructions Nos. 2 and 3 of the defendant, the jury are told that mere negligence is not sufficient to warrant a recovery but that before the plaintiff can recover, "the plaintiff must prove by the greater weight of the evidence that the defendant wilfully, that is, knowingly or intentionally violated the law in the respect charged in the declaration, and unless the plaintiffs do prove by the greater weight of the evidence that the defendant did wilfully violate the law then you must find the defendant not guilty." Much reliance has been placed by counsel for appellant upon the decision of this court in the case of Jacobs v. Madison Coal Corporation, 165 Ill. App. 444,

in which it is said, "The averment that appellant then and there could have known of such dangerous condition by complying with the statute, seeks to make appellant liable under the statute for negligence without regard as to whether it had knowledge of the condition or had knowledge of facts from which it ought to have known its dangerous condition, and eliminates the wilful failure required to create the statutory liability." It does not appear from this opinion that the dangerous condition had existed for some time prior to the injury, or that the declaration alleged as a duty of the mine manager to see that the dangerous conditions were marked, as in the present case, and that the elements of negligence in the Jacobs case, with a right of recovery on account of such negligence were embodied in the instructions, and we do not think that the Jacobs case is decisive of the case now before the court.

It is next complained that the court erred in not permitting appellant to show by cross-examination of the witness Helm, the Mine Examiner, that this report was a correct report of the conditions found in the mine. We do not believe that this was proper cross-examination, but if it were, the witness afterwards stated that as a result of his examination he reported it safe.

Again, it is claimed that the court erred in refusing to permit appellant to prove by his expert witnesses that the track in question was a good and suitable piece of track for mine operation. We do not see that this question was proper or material to the issue. The track may have been suitable for mining operation and yet to some extent dangerous for men engaged in the work. The question here was, did a dangerous condition exist; we cannot see that there was any prejudicial error in refusing to permit this question to be answered.

Again, it is claimed that the court erred in giving appellees' Instruction No. 3 based upon the first count

of the declaration, because such count did not charge a wilful violation of the mining act. This criticism, as well as the criticism upon the fourth and fifth instructions was determined by the holding herein upon the question as to the validity of the several counts of the declaration.

The further criticism made upon these instructions is that they incorporate the declaration therein by referring to it and making it a part of the instruction. This criticism is not well taken, as an examination of the several instructions will disclose that they do not incorporate the failure of the defendant in the discharge of its duties. The most that can be said of them is that they refer to the declaration for the injury and for dangerous conditions alleged. There is no complaint as to the insufficiency of these averments and we do not think the criticisms well taken.

It is said that the court erred in reading plaintiffs' sixth instruction to the jury and then withdrawing it but no authority is cited supporting such contention, and we cannot see what else the court could have done except to withdraw an improper instruction that had been read to the jury, and cannot believe it to be serious error.

Complaint is also made of refusal to give appellant's first, second, third, fourth and fifth refused instructions. These have all been disposed of by this opinion in sustaining the validity of the several counts of the declaration, except the fifth refused instruction, and this instruction is vicious from the fact that it is argumentative and announces the doctrine that if the track and road-bed were maintained in a practical and proper manner as was usual for such tracks and road-beds in the mines, then all such damages arising therefrom are dangers incident to the employment and are not dangers covered by the mining act. Also that the dangerous conditions referred to in the Mining Act are only such conditions as are dangerous when the Company has used such care as the law

382    APPELLATE COURTS OF ILLINOIS.

Mengelkamp et al. v. Consolidated Coal Co., 173 Ill. App. 370.

requires in the removal of such dangers. This instruction is argumentative, does not state a correct view of the mining law and would take from the jury the question of determining whether or not a dangerous condition existed, and directs that no liability will exist when the Company uses such care as the law requires in the removal of such dangers. This is misleading, as the care required by the law is, that while such dangerous condition exists no one shall be permitted to enter the mine to work therein except for the purpose of repairing the dangerous condition. This instruction was properly refused.

The next complaint is that the verdict of the jury is manifestly against the weight of the evidence. It is true that there is a conflict in the testimony of the witnesses with regard to the condition of the track in question. Practically all of the witnesses for appellee testified that the ties were rotten, spikes loose, the track uneven and springy and causing the electric motor to swing and jump in passing over the track. The witnesses for appellant admit that the track had at one time been out of repair but that just prior to the injury complained of the track had been repaired, but this is met by the testimony of witnesses for appellee who state that while it is true the track had been in part repaired, it had not been repaired at the place where deceased was injured, and that the repairs had not reached within several feet of the place. This was a question of fact solely for the consideration of the jury, and unless we can say from an examination of this evidence that the verdict was manifestly against the weight of the evidence, then we have no right to disturb its verdict. We cannot say from a careful reading of all of the evidence in this case that the jury was not warranted in finding a verdict for the appellees, and in our opinion the judgment should be and is affirmed.

*Judgment affirmed.*